1  Michael S. Agruss (SBN: 259567)
   Krohn & Moss, Ltd.
2  10 N. Dearborn Street, 3rd Floor
   Tel: 323-988-2400 x235
3  Fax: 866-620-2956
   magruss@consumerlawcenter.com
4  Attorneys for Plaintiff,
   KYLE HARP
5

6              **UNITED STATES DISTRICT COURT,**
               **EASTERN DISTRICT OF CALIFORNIA,**
7                  **SACRAMENTO DIVISION**

8  KYLE HARP,                              )
                                           )
9               Plaintiff,                 )  **Case No.:**
                                           )
10         v.                              )  **PLAINTIFF'S VERIFIED COMPLAINT**
                                           )
11  LAW OFFICES OF ED OVERCASH, LLC,       )
                                           )
12              Defendant.                 )
                                           )
13  _____ )

14

15             **PLAINTIFF'S VERIFIED COMPLAINT**

16         Plaintiff, KYLE HARP (Plaintiff), through her attorneys, KROHN & MOSS, LTD.,

17  alleges the following against Defendant, LAW OFFICES OF ED OVERCASH, LLC,

18  (Defendant):

19                     **INTRODUCTION**

20  1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15*

21      *U.S.C. 1692 et seq.* (FDCPA).

22  2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection

23      Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

24                 **JURISDICTION AND VENUE**

25  3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such

       actions may be brought and heard before "any appropriate United States district court

- 1 -

PLAINTIFF'S VERIFIED COMPLAINT

without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained within.

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Durham, Butte County, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency law firm with a business office in Greenville, South Carolina.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a consumer debt from Plaintiff on behalf of the original creditor, HSBC Consumer Lending, account ending in 2136, Defendant's file number ending in 9031.

12. Plaintiff's alleged debt owed to HSBC Consumer Lending arises from transactions for personal, family, and household purposes.

13. Starting in 2011, Defendant began placing collection calls to Plaintiff in an attempt to collect a debt owed to HSBC Consumer Lending.

PLAINTIFF'S VERIFIED COMPLAINT

14. Defendant called Plaintiff on Plaintiff's home phone (530-893-80xx) and on Plaintiff's work phone (530-332-7300) in an attempt to collect a debt owed to HSBC Consumer Lending.

15. Defendant left voicemail messages for Plaintiff, on Plaintiff's home phone, in an attempt to collect a debt, that failed to state the communication was from a debt collector. *See* Defendant's transcribed voicemail messages attached as Exhibit A.

16. When Defendant called Plaintiff at work, Plaintiff spoke with Defendant's collector, Brandy, and informed Brandy that Plaintiff's employer prohibits Plaintiff from receiving these type of communications at work.

17. Plaintiff further informed Brandy that Plaintiff is a technician at a hospital, that Plaintiff could get fired as a result of Defendant's calls at Plaintiff's work, and therefore, Plaintiff requested Defendant to stop calling Plaintiff at work.

18. Plaintiff spoke with Brandy approximately three times, and each time Plaintiff told Brandy to stop calling Plaintiff at work, however Brandy continued to call Plaintiff at work.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff in connection with the collection of a debt at a time or place known or which should be known to be inconvenient to Plaintiff.

   b. Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff and Plaintiff's work even though Defendant knows Plaintiff's employer prohibits Plaintiff from receiving such communications at work.

   c. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in

- 3 -

1

connection with the collection of an alleged debt.

2

    d. Defendant violated *§1692e* of the FDCPA by using false, deceptive, and

3

       misleading representations in connection with the collection of any debt.

4

    e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an

5

       attempt to collect a debt.

6

    f. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in

7

       subsequent communications that the communication was from a debt collector.

8

WHEREFORE, Plaintiff, KYLE HARP, respectfully requests judgment be entered

9

against Defendant, LAW OFFICES OF ED OVERCASH, LLC, for the following:

10

20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15*

11

*U.S.C. 1692k*,

12

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act,

13

*15 U.S.C. 1692k*.

14

22. Any other relief that this Honorable Court deems appropriate.

15

**COUNT II**

16

**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

17

23. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as

18

the allegations in Count II of Plaintiff's Complaint.

19

24. Defendant violated the RFDCPA based on the following:

20

    a. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to

21

       comply with the statutory regulations contained within the FDCPA, *15 U.S.C. §*

22

       *1692 et seq.*

23

WHEREFORE, Plaintiff, KYLE HARP, respectfully requests judgment be entered

24

against Defendant, LAW OFFICES OF ED OVERCASH, LLC, for the following:

25

- 4 -

PLAINTIFF'S VERIFIED COMPLAINT

1    25. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices

2        Act, *Cal. Civ. Code §1788.30(b)*,

3    26. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection

4        Practices Act, *Cal. Civ Code § 1788.30(c)*, and

5    27. Any other relief that this Honorable Court deems appropriate.

6                          **<u>DEMAND FOR JURY TRIAL</u>**

7        PLEASE TAKE NOTICE that Plaintiff, KYLE HARP, demands a jury trial in this case.

8

9                                    RESPECTFULLY SUBMITTED,

10   DATED:  December 7, 2011            KROHN & MOSS, LTD.

11

12                                   By: /s/  Michael S. Agruss

13                                       Michael S. Agruss
                                         Attorney for Plaintiff
14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S VERIFIED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# <u>EXHIBIT A</u>

PLAINTIFF'S VERIFIED COMPLAINT